LCLARENCE E. McMANUS, Judge.
On March 27, 2001, Donna Austin(“Austin”) requested and was granted an Order of Protective Custody by the Jefferson Parish Coroner’s Office for her son, Jeffrey Austin, Jr., because he was suicidal, abusing drugs and a danger to himself and others. He was taken into custody by the Jefferson Parish Sheriffs Office on March 28, 2001. He was taken to Charity Hospital and examined by Dr. Robert Treuting. He was released later that day.
Austin again contacted the Coroner’s office to seek another commitment. She alleges she was told that she could not obtain another order of protective custody so close to the original order. Austin’s son committed suicide on April 4, 2001 by taking an overdose of drugs.
Austin filed a suit for wrongful death and a survival action on April 2, 2002. She named Dr. Robert Treuting, the Jefferson Parish Coroner’s Office, and the Coroner of Jefferson Parish. She claimed that the defendants were liable for the death of her son because the Jefferson Parish Coroner’s Office failed to allow her to apply for another protective custody order, failed to issue another order, and had|3a policy that prohibits successive orders. In the alternative, Austin claims that the Jefferson Parish Coroner’s Office was negligent in its training and supervision of its staff *105 members which improperly told her she could not apply for another order.
Defendants filed a motion for summary judgment claiming that the Coroner’s Office is immune from civil liability in this case. On August 20, 2002, the trial court denied the motion. By written reasons, the trial court found that the Jefferson Parish Coroner is not entitled to absolute judicial immunity, but only qualified immunity.
A motion for appeal of the trial court’s denial of the motion for summary judgment was filed by defendants on September 18, 2002. No supervisory writ application was filed and the thirty day time period for filing a writ has passed.
We find that this judgment is interlocutory in nature and renewable by an application for supervisory writs. The trial court’s judgment denying the motion for summary judgment is not an appealable judgment. It is not the practice of this Court to convert an appeal to an application for supervisory writs. Therefore, this appeal is dismissed and the matter is remanded to the trial court for trial.

APPEAL DISMISSED; REMANDED FOR TRIAL.